UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MARY E. ORMOND, *et al.*, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ANTHEM, INC, *et al.*, | ) | 1:05-cv-1908-DFH-TAB |
| Defendants. | ) | |

**DISCOVERY ORDER**

Parties appeared by counsel on July 2, 2009, for a hearing on Plaintiffs' motion for leave to complete depositions and Plaintiffs' motion to compel. [Docket Nos. 160, 161.] Argument was presented. On July 14, 2009, the Court granted leave to complete the depositions, and granted in part and denied in part the motion to compel. [Docket No. 172.] The Court also took under advisement that portion of the motion to compel relating to the accountant-client and attorney-client privileges. [Docket No. 172.] The Court now addresses these remaining issues.

Regarding the accountant-client privilege, Plaintiffs have requested, among other things, "All documents and communications with Ernst & Young (or any of its professional employees) or concerning Ernst & Young's engagement with respect to the Demutualization and/or the IPO, from the inception of the engagement through the payment of demutualization compensation to the Eligible Statutory Members, inclusive." [Document Request No. 12, *quoted in* Docket No. 166 at 15.] Given the sweeping breadth of this request, the Court need not decide whether the accountant-client privilege applies, as the request is woefully overbroad. Plaintiffs' motion to compel with respect to this request is denied.

With respect to the attorney-client privilege, the parties disagree about the law governing

the privilege. Plaintiffs rely on federal law to contend that the documents are not privileged, *In re MetLife Demutualization Litigation*, 495 F. Supp. 2d 310 (E.D.N.Y. 2007) [Docket No. 162 at 4], whereas Defendants rely on Indiana law in asserting the privilege. *Newton v. Yates*, 353 N.E.2d 485 (Ind. Ct. App. 1976). [Docket No. 166 at 7–8.] The Court must therefore consider whether federal or state law governs the privilege in this case.

>Federal Rule of Evidence 501 provides:
>
>the privilege of a witness, person, government, State, or political subdivision thereof shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in light of reason and experience. However, in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person, government, State, or political subdivision thereof shall be determined in accordance with State law.

Plaintiffs' claims are for breach of fiduciary duty, negligence, breach of contract, negligent tax advice, and negligent misrepresentation with respect to the tax advice. [Docket No. 122 at 98, 100, 103, 106, 108.] These are all state law claims. Defendants counter that the claims of some of the proposed class members—those who participated in employer-sponsored plans—are governed exclusively by the law of ERISA. [Docket No. 149 at 30.] But even if ERISA preempted some proposed class members, any remaining class members' claims would be governed by state law. Therefore, under Federal Rule of Evidence 501, state privilege law governs.[1]

Under Indiana law, "[c]orporations can, of course, avail themselves of the

---

[1] This conclusion is bolstered by the fact that Plaintiffs' motion to certify class and to appoint class counsel [Docket No. 125] remains pending. Until that motion is resolved, it seems reasonable to apply the stricter state privilege standard so as to prevent disclosure of items that may not be disclosed under any circumstances depending on the outcome of that motion. If necessary, the Court can revisit this issue after ruling on Plaintiffs' class certification motion.

attorney-client privilege if the attorney was consulted in a legal capacity." *Newton v. Yates*, 353 N.E.2d 485, 491 (Ind. Ct. App. 1976). The Court concludes that under Indiana law, the communications at issue remain privileged.

For these reasons, Plaintiffs' motion to compel communications between Defendants and Defendants' accountants and counsel [Docket No. 161] is denied.

Dated: 08/19/2009

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Matthew Thomas Albaugh
BAKER & DANIELS - Indianapolis
matthew.albaugh@bakerd.com

Dennis Paul Barron
dennispbarron@aol.com

Michael F. Becker
BECKER & MISHKIND CO., L.P.A.
mbecker@beckermishkind.com

Edward O'Donnell DeLaney
DELANEY & DELANEY LLC
ed@delaneylaw.net

Kathleen Ann DeLaney
DELANEY & DELANEY LLC
kathleen@delaneylaw.net

Kevin M. Kimmerling
BAKER & DANIELS -North Indianapolis
kevin.kimmerling@bakerd.com

Matthew Davidson Lamkin
BAKER & DANIELS - Indianapolis
matthew.lamkin@bakerd.com

Anne Kramer Ricchiuto
BAKER & DANIELS - Indianapolis
anne.ricchiuto@bakerd.com

Christopher G. Scanlon
BAKER & DANIELS - Indianapolis
chris.scanlon@bakerd.com

Paul A. Wolfla
BAKER & DANIELS - Indianapolis
paul.wolfla@bakerd.com

Eric Hyman Zagrans
eric@zagrans.com