UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MARY E. ORMOND, et al., )<br>    Plaintiffs, )<br>)<br>vs. )<br>)<br>ANTHEM, INC., et al., )<br>    Defendant. ) | | 1:05-cv-1908-TWP-TAB |

-------------------------------------------------------

| | | |
|---|---|---|
| JEFFREY D. JORLING, on behalf of )<br>himself and all others similarly situated, )<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>ANTHEM, INC. and ANTHEM )<br>INSURANCE )<br>COMPANIES, INC., )<br>    Defendants. ) | | 1:09-cv-798-TWP-TAB |

-------------------------------------------------------

**ORDER**

This Magistrate Judge has addressed and resolved numerous prior discovery disputes between the parties. [*See* Ormond Docket Nos. 172, 178, 185, 218, 276.] Nevertheless, the disputes continue. Most recently, the Court held a hearing on August 24, 2010, at which Plaintiffs contended that Defendants have failed to comply with prior discovery orders and that as a result sanctions are appropriate. Defendants responded that no discovery orders have been violated. As explained below, Plaintiffs' motion to enforce discovery orders [Ormond Docket No. 283; Jorling Docket No. 63] is granted in part, and Plaintiffs' motion for sanctions [Ormond Docket No. 290] is denied. In addition, both sides have submitted proposed modifications to the Case Management Plan, and the CMP is modified as set out below.

**I.      Motion to enforce discovery orders**

The crux of the parties' ongoing dispute is the so-called Cosmos demutualization database—a vast and complex collection of Anthem's internal electronic documents that contains sensitive financial and medical information concerning employers and policy holders in several states. Plaintiffs contend that they have been trying to obtain a functional version of the Cosmos database for nearly two years, and that despite prior Court orders, Defendants still have not produced it. [Ormond Docket No. 291 at 1.] As a result, Plaintiffs filed their motion to enforce discovery orders. Plaintiffs request an order compelling Defendants to produce (1) the entire Cosmos database and the entire ComputerShare data file (with redactions only for privilege and customer names and addresses); and (2) the names of the 25 Grandfathered Groups to receive the largest share allocations of Anthem Insurance and the largest distributions of Anthem stock in Connecticut, Ohio, and Kentucky. [Ormond Docket No. 283 at 3.] Defendants respond that they have violated no orders and that Plaintiffs' motion is a "sideshow" designed to delay a summary judgment ruling. [Ormond Docket No. 296 at 1–2.]

Defendants are ready and willing to (and shall, as detailed below) produce a redacted version of the Cosmos demutualization database and ComputerShare electronic data with numerical designations that can be used to link and associate data among files and data sets. [Ormond Docket No. 296 at 9.] Defendants have withheld these items because of Plaintiffs' additional request for the names of the Grandfathered Groups. [*Id.*] Defendants believe that discovery concerning Grandfathered Groups would be irrelevant and could lead to harassment of third parties and the universally feared fishing expedition. [*Id.* at 17.] Defendants point out that the Court's prior orders permitted the database to be produced "without personal identifying

2

information (name, address, social security numbers, and date of birth) of Defendants' current and former customers and members)" [Ormond Docket No. 178] and held that "production of an unredacted demutualization database is neither necessary nor justified as far as class notice or any other purpose is concerned." [Ormond Docket No. 218 at 2.]

Plaintiffs explained the relevance of the Grandfathered Groups at the hearing. One of Plaintiffs' claims is that Anthem allocated to the Grandfathered Groups more shares than they were entitled to, and Plaintiffs want to test whether the headcounts Anthem used for allocation were correct. For example, Plaintiffs suggested at the hearing that Anthem's headcount for one Grandfathered Group exceeded that group's number of insured persons at the time of the demutualization by nearly 9,000 people. [Tr. at 53.] But Defendants point out that the Plan of Conversion provided that eligibility for demutualization distributions was to be determined according to Anthem's records. [Ormond Docket No. 296 at 16 n.9.] Plaintiffs have not explained how testing headcounts would be relevant when the Plan of Conversion specifies which headcount to use. The Court therefore denies Plaintiffs' request for the names of the Grandfathered Groups.

## II.     Motion for sanctions

Plaintiffs' sanctions motion hinges on Defendants' failure to produce (until July 9, 2010) a document entitled "Project Cosmos Documentation," which Plaintiffs essentially describe as an instruction manual for the database.[1] Plaintiffs' position and resulting frustration is well

---

[1]Plaintiffs' motion also notes that Defendants have not yet provided the entire Cosmos database and ComputerShare data files, which Plaintiffs argued were ordered to be produced on July 14, 2009. As Defendants note, the ComputerShare data has not been the subject of a Court order, and Defendants have produced the Cosmos database. It is true that Plaintiffs continue to have technical difficulties with the database, and this case has not been a model of cooperation

3

summarized as follows: "Since obtaining the instruction manual in July 2010, Plaintiffs' experts have been able to use the manual to solve nearly all of the technical problems that [they] had been experienc[ing] previously when trying to use the database without the instruction manual from December 2009 to July 2010." [Ormond Docket No. 290 at 14.] Plaintiffs claim that had the document been produced with the database, they would have saved hundreds of hours (and the corresponding cost) of expert and attorney time. [*Id.*]

Federal Rule of Civil Procedure 37 provides that the Court may award sanctions if a party fails to respond to discovery or comply with a court order. Plaintiffs argue that Defendants should have provided the Project Cosmos Documentation in response to Plaintiffs' first request for production Nos. 1 and 134 and Plaintiffs' third request for production No. 30.[2] But Defendants objected to these requests, and the Court limited them in its July 14, 2009, order, directing Defendants to produce the actual database but otherwise denying Plaintiffs' motion to compel. [Ormond Docket No. 172.] Given the limitation the Court placed on these requests, it is difficult to conclude that sanctions should result from Defendants' failure at that time to produce the Project Cosmos Documentation. This conclusion is blostered by the fact that the Project Cosmos Documentation was produced in response to requests in *Jorling* for "data dictionaries," "documents concerning . . . how the files within the demutualization database relate to one

---

among counsel, but Plaintiffs have not demonstrated a basis for sanctions concerning these items.

[2]Request No. 1 was for "[a]ll documents consisting of, comprising and/or concerning the complete 'demutualization database' . . . ." Request No. 134 was for "[a]ny and all electronic documents or database programs and data consisting of and/or comprising a fully-functional copy of the Anthem 'demutualization database' . . . ." Request No. 30 was for "all opinions, reports, presentations or other documents received from or generated by Milliman."

4

another," and "naming conventions."

As Plaintiffs demonstrated in their *Jorling* requests, they have sophisticated counsel capable of asking for what they want. Although the timing of Defendants' production of the Project Cosmos Documentation was less than satisfactory, the Court stops short of concluding that Defendants disregarded a discovery request, violated a court order, or acted in bad faith.[3] The Court therefore denies Plaintiffs' motion for sanctions.

## III. Rule 30(b)(6) depositions

At the hearing, the parties sought the Court's guidance regarding the Rule (30)(b)(6) deposition of Cindy Miller, Executive Vice President and Chief Actuary at Anthem. Anthem identified Miller and another individual to respond to Plaintiffs' 30(b)(6) topics and agreed to produce them for one day each. Plaintiffs accept Anthem's 30(b)(6) proposal but also want to redepose Miller separately under 30(b)(1) after analyzing the database. [Tr. at 24.]

Plaintiffs have already deposed Miller twice over approximately one and a half days. [Tr. at 45.] At this point, Plaintiffs may have seven additional deposition hours for their 30(b)(6) topics and other relevant questions they may have. If Plaintiffs' database analysis reveals additional lines of inquiry, they may request more time for good cause shown.

## IV. Scheduling

The Court sets the following schedule for the remainder of the case. Given the time Defendants' summary judgment has been pending, the Court does not anticipate further modifications of this schedule.

---

[3]Plaintiffs' recent notice of additional documents produced by Defendants [Docket No. 305] also fails to show sanctionable conduct. As described in Plaintiffs' notice and Defendants' response, the additional documents appear to be Rule 26(e) supplementation.

1. By November 15, 2010, Defendants shall produce to Plaintiffs' counsel the entire Cosmos database and the entire ComputerShare data file (redacted for privilege and customer names and addresses).

2. Any Rule 30(b)(6) deposition of Defendants' designated witnesses for questions relating to the demutualization database shall be completed no later than December 21, 2010.

3. Plaintiffs shall supplement their expert disclosures and reports by January 14, 2011.

4. Defendants shall serve their expert disclosures and reports by February 11, 2011.

5. Fact discovery in *Jorling* shall be completed by March 7, 2011.

6. Discovery on expert and damages issues shall be completed by April 4, 2011.

7. Witness and exhibit lists shall be filed by April 4, 2011.

8. Plaintiffs' opposition to Defendants' summary judgment motion and the State of Indiana's amicus brief in *Ormond* is due January 28, 2011. As they requested at the August 24, 2010, hearing, Plaintiffs may file an oversized brief of up to 57 pages, but—per their stated intention at the hearing—they should focus their extra pages on the amicus brief's arguments. Defendants' reply is due February 11, 2011.

9. All dispositive motions shall be filed by April 18, 2011. Oppositions to dispositive motions shall be filed by May 16, 2011. Replies in support of dispositive motions shall be filed by May 31, 2011.

10. In *Jorling*, the Magistrate Judge recommends that the final pretrial conference set for January 13, 2011, and the trial set to begin on February 7, 2011, be vacated and reset. *Jorling* will be ready for trial in December 2011, and trial is anticipated to last approximately three weeks.

Dated: 11/12/2010

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Eric H. Zagrans
ZAGRANS LAW FIRM LLC
474 Overbrook Road
Elyria, OH 44035
eric@zagrans.com

Kathleen A. DeLaney
Edward O'Donnell DeLaney
DELANEY & DELANEY LLC
3646 N. Washington Boulevard
Indianapolis, IN 46205
kathleen@delaneylaw.net
ed@delaneylaw.net

T. David Copley
Cari C. Laufenberg
Lynn Lincoln Sarko
KELLER ROHRBACK, L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
dcopley@kellerrohrback.com
claufenberg@kellerrohrback.com
lsarko@kellerrohrback.com

Dennis P. Barron
582 Torrence Lane
P.O. Box 8190
Cincinnati, Oh 45202
dennispbarron@aol.com

Michael Becker
BECKER LAW FIRM CO., L.P.A.
134 Middle Avenue
Elyria, OH 44035-5623
mbecker@beckerlawpa.com

H. Laddie Montague, Jr.
Todd S. Collins
Peter R. Kahana
Neil F. Mara
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19101
hlmontague@bm.net
tscollins@bm.net
prkahana@bm.net
nfmara@bm.net

Craig A. Hoover, *pro hac vice*  
Peter R. Bisio, *pro hac vice*  
Adam K. Levin, *pro hac vice*  
HOGAN LOVELLS US LLP  
555 Thirteenth Street, N.W.  
Washington, DC 20004  
Telephone: (202) 637-5600  
Facsimile: (202) 637-5910  
craig.hoover@hoganlovells.com  
peter.bisio@hoganlovells.com  
adam.levin@hoganlovells.com  

Christopher G. Scanlon (1583-49)  
Paul A. Wolfla (24709-49)  
300 N. Meridian Street, Suite 2700  
Indianapolis, IN 46204-1782  
Telephone: (317) 237-0300  
Facsimile: (317) 237-1000  
chris.scanlon@bakerd.com  
paul.wolfla@bakerd.com