UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MARY E. ORMOND, et al., | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| vs. | ) | 1:05-cv-1908-TWP-TAB |
| | ) | |
| ANTHEM, INC., et al., | ) | |
|     Defendants. | ) | |

-------------------------------------------------

| | | |
|---|---|---|
| JEFFREY D. JORLING, on behalf of | ) | |
| himself and all others similarly situated, | ) | |
|     Plaintiff, | ) | |
| | ) | 1:09-cv-798-TWP-TAB |
| vs. | ) | |
| | ) | |
| ANTHEM, INC., et al., | ) | |
|     Defendants. | ) | |

## ORDER ON PLAINTIFF'S MOTION TO COMPEL[1]

**I.    Introduction**

If discovery disputes are "for better or worse, the daily bread of magistrate and district judges in the age of the disappearing trial," *Lee v. Max Int'l, LLC*, No. 10-4129, 2011 WL 1651640, at *2 (10th Cir. May 3, 2011), this case provides a feast. On today's menu is application of the attorney-client privilege. Some communications on Defendants' privilege log are unrelated to legal advice and must be produced. Other communications, despite their

---

[1] Although this motion is captioned in both *Ormond* and *Jorling*, as Defendants point out, *Ormond* discovery closed on June 5, 2009. [*Ormond* Docket No. 152.] The *Ormond* Plaintiffs have not sought to enlarge the discovery deadline and do not dispute Defendants' assertion that only the *Jorling* motion is proper. The Court therefore denies the motion in *Ormond* [*Ormond* Docket No. 380] and, considering only the *Jorling* motion, cites to the *Jorling* record.

disclosure to third parties, remain privileged because the third parties' involvement was to further effective legal representation. Plaintiff's motion to compel [Docket No. 116] is therefore granted in part.

## II.     Background

In 1998, Defendant Anthem Insurance Companies, Inc. engaged Milliman to advise and assist on actuarial matters related to Anthem's 2001 demutualization. [Docket No. 131, Ex. 1.] Anthem retained EquiServe (now known as ComputerShare) in 2001 "as its demutualization agent to help with communicating information and distributing consideration from the demutualization to Anthem's members." [Docket No. 131 at 3.] The demutualization resulted in this lawsuit, and Plaintiff sought Anthem's communications with Milliman and EquiServe in discovery.

On December 14 and 17, 2010, Defendants produced 12,612 pages of documents which Milliman provided to Anthem in late 2010 for privilege review. On December 17, 2010, Defendants provided two privilege logs listing all documents withheld or redacted from its production. Defendants listed 346 documents which were withheld for attorney-client privilege and 67 documents which were redacted for privilege. These documents are generally email communications either between Milliman employees or among Milliman, EquiServe, and Anthem employees (or outside counsel). Plaintiff believed that Defendants improperly asserted the privilege and requested "unredacted copies of all attorney-client communications which have been disclosed to third parties, as well as unredacted copies of any communications where counsel has not been included in the communication." [Docket No. 118, Ex. C at 3.]

On March 29, 2011, Defendants moved for summary judgment and attached a "12/12/01

Lampkin Email" as an exhibit. This email identified Milliman files which Plaintiff requested on April 1. Defendants refused to produce two of the files because they contain member-specific information.

The parties exchanged detailed letters outlining their positions and also met and conferred in person on April 7, 2011. [Docket Nos. 117 at 5; 118, Exs. C and D.] Despite these good faith attempts, the parties were unable to resolve their disputes, and Plaintiff filed this motion to compel. [Docket No. 116.]

### III. Discussion

#### A. *Failure to assert privilege*

At the outset, Plaintiff argues that for numerous privilege and redaction log entries, Defendants have not met their burden of demonstrating that all the requirements of the attorney-client privilege have been met. The elements of the privilege are well established:

> (1) Where legal advice was sought, (2) from a professional legal adviser in his capacity as such, (3) the communications related to that purpose, (4) were made in confidence, (5) by the client, (6) were at his instance permanently protected, (7) from disclosure by himself or the legal adviser, (8) except the protection was waived.

*United States v. Evans*, 113 F.3d 1457, 1461 (7th Cir. 1997). As to certain privilege and redaction log entries, Defendants have not met this burden. Although the entries show communications involving attorneys, they do not show that the communications were related to legal advice. Instead, the entries describe the following types of documents:

- "Email with attachment regarding draft plan of conversion,"
- "Email regarding discussion with Department of Insurance,"
- "Email with attachment regarding fixed share issues,"
- "Email with attachment regarding eligible members,"
- "Email with attachment regarding draft actuarial contribution memorandum,"
- "Email string with attachment regarding group issues,"

3

- "Email string regarding subscriber issues," and
- "Email string with attachment regarding DOI advisors conference call."

[Docket No. 120, Ex. A.] Defendants do not dispute that these descriptions are unrelated to legal advice, and Defendants' other entries show that they were capable of including such a description. [*E.g.*, Docket No. 120, Ex. A ("Document . . . prepared at the direction of counsel," "Email with attachment regarding legal advice as to privileged communications").] Defendants have therefore waived privilege for the entry numbers listed on pages 3 and 4 of Plaintiff's opening brief [Docket No. 117] and shall produce those documents within 28 days.

    B.    *Privilege waiver*

As described above, the attorney-client privilege requires that communications be made in confidence, resulting in waiver when communications are disclosed to a third party. However, disclosure to a third party does not waive privilege when the third party is the attorney's or client's agent. *Evans*, 113 F.3d at 1462 ("[T]he attorney-client privilege will not shield from disclosure statements made by a client to his or her attorney in the presence of a third party who is not an agent of either the client or attorney.") (citing 8 John Henry Wigmore, *Evidence in Trials at Common Law* § 2311 (John T. McNaughton rev. 1961)); *see also Heriot v. Byrne*, 257 F.R.D. 645, 665 (N.D. Ill. 2009) (relying on *Evans*). The exception, however, does not eliminate the other requirements for application of the privilege, including the requirement that the communication be related to seeking or giving legal advice.

Plaintiff recognizes this exception but argues that Anthem's communications with Milliman and EquiServe do not fall under it. Plaintiff asserts that Milliman was hired to assist in providing an actuarial opinion for a regulatory proceeding, and that EquiServe simply provided demutualization mailing and distribution services. [Docket No. 117 at 8–9.] Defendants argue

that communications with Milliman and EquiServe were necessary to their legal representation.

   1.   **Communications involving Milliman**

Defendants assert that disclosure to Milliman "was necessary for Anthem and its legal counsel to be able to assess and communicate about legal issues relating to the demutualization." [Docket No. 131 at 8.] Defendants rely on the declaration of Tibor D. Klopfer, lead outside attorney for the Anthem demutualization. [Docket No. 131, Ex. 2.] Klopfer states:

> Milliman served as Anthem's outside actuarial advisor to assist Anthem with various actuarial matters related to the Plan of Conversion, the Actuarial Contribution Memorandum, as well as other matters in conjunction with the demutualization.
>
> In order to effectively advise Anthem on legal issues related to the demutualization, I periodically directed Milliman personnel—either personally or through Anthem—to provide information and analyses on actuarial issues, and I received documents or communications prepared by Milliman for my review. I am not an actuary. The Milliman consultants' actuarial expertise was critical to fully advising Anthem as to its legal rights and obligations in the demutualization.
>
> Anthem, and Milliman, as Anthem's actuarial consultant, also sought legal advice from me regarding Milliman's work in the course of its engagement. As Anthem's counsel, I provided advice about legal issues related to the demutualization to Milliman and Anthem.

[Docket No. 131, Ex. 2 at 3 (paragraph numbers removed).] Defendants further point out that Indiana statutes require that any "formula for allocating consideration among eligible members" must "utilize generally accepted actuarial principles." [Docket No. 131 at 8 (quoting Ind. Code §§ 27-15-9-1, -2).]

Given the state regulations involved, some of the Milliman communications were undoubtedly necessary for counsel to advise Anthem about its legal compliance. But other Milliman communications may have provided only business advice related to the demutualization. Separating these communications might require the Court to find its own

5

consultant, but fortunately, Defendants' privilege log does the sifting.  As discussed above, some of Defendants' privilege log entries do not relate to legal advice.  These communications—likely business related—are not privileged, and must be produced within 28 days.  Other entries relate to legal advice and need not be produced.

### 2. Communications involving EquiServe

Only two privilege log entries reflect communications involving EquiServe: both are emails sent to counsel and EquiServe "regarding demutualization plan reflecting issues for counsel review." [Docket No. 120, Ex. 2 at entries 50, 52.]  Defendants explain that Anthem provided EquiServe with an Excel spreadsheet listing a timeline of demutualization tasks, including one line identifying an issue for counsel's review.  Defendants argue that this disclosure did not waive privilege because EquiServe was its demutualization agent.  [Docket No. 131 at 8.]

Anthem's limited disclosure to EquiServe does not waive privilege.  Though limiting the information provided to EquiServe may have been more prudent, Anthem was not careless with its information, and EquiServe's participation was part of legal representation concerning Anthem's compliance with notice and distribution statutes.  Ind. Code §§ 27-15-5-3, 27-15-8-1.

### C. *Files containing member-specific information*

Finally, Plaintiff seeks two Milliman-generated files which Defendants refused to produce because they contain member-specific information, noting that the Court has consistently ordered Defendants to produce relevant documents with such information redacted.  [Docket No. 117 at 10.]  Defendants respond that the two documents—Excel files totaling over 1,300 printed pages—cannot be completely redacted because member-specific information

would remain in the metadata. [Docket No. 131 at 13–14.] Plaintiff suggests that Defendants simply "produce the information in a different, non-native format so that the metadata of the electronic files is not accessible to Plaintiffs." [Docket No. 137 at 9.] This is a reasonable solution. Defendants shall produce the files in a format permitting redaction of member-specific information within 28 days.

**IV.     Conclusion**

Plaintiff's motion to compel [Docket No. 116] is granted in part. Within 28 days, Defendants shall provide the documents specified on pages 3 and 4 of Plaintiff's brief [Docket No. 117], as well as the two Milliman-generated files containing member-specific information in a format permitting redaction of that information.

Dated**: 05/24/2011**

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Matthew Thomas Albaugh
BAKER & DANIELS - Indianapolis
matthew.albaugh@bakerd.com

Dennis Paul Barron
dennispbarron@aol.com

Michael F. Becker
THE BECKER LAW FIRM CO., L.P.A.
mbecker@beckerlawlpa.com

Peter R. Bisio
HOGAN LOVELLS US LLP
peter.bisio@hoganlovells.com

Todd S Collins
BERGER & MONTAGUE, P.C.
tcollins@bm.net

T. David Copley
KELLER ROHRBACK, L.L.P.
dcopley@kellerrohrback.com

Edward O'Donnell DeLaney
DELANEY & DELANEY LLC
ed@delaneylaw.net

Kathleen Ann DeLaney
DELANEY & DELANEY LLC
kathleen@delaneylaw.net

Craig A. Hoover
HOGAN LOVELLS US LLP
cahoover@hhlaw.com

Peter R. Kahana
BERGER & MONTAGUE, P.C.
pkahana@bm.net

Kevin M. Kimmerling
BAKER & DANIELS - Indianapolis
kevin.kimmerling@bakerd.com

Cari C. Laufenberg
KELLER ROHRBACK L.L.P.
claufenberg@kellerrohrback.com

Adam K. Levin
HOGAN LOVELLS US LLP
aklevin@hhlaw.com

Neil F Mara
BERGER & MONTAGUE, P.C.
nmara@bm.net

H. Laddie Montague Jr
BERGER & MONTAGUE P.C.
hlmontague@bm.net

Anne Kramer Ricchiuto
BAKER & DANIELS - Indianapolis
anne.ricchiuto@bakerd.com

Lynn L. Sarko
KELLER ROHRBACK, L.L.P.
lsarko@kellerrohrback.com

Christopher G. Scanlon
BAKER & DANIELS - Indianapolis
chris.scanlon@bakerd.com

Paul A. Wolfla
BAKER & DANIELS - Indianapolis
paul.wolfla@bakerd.com

Eric Hyman Zagrans
eric@zagrans.com