UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MARY E. ORMOND, *et al.*, On Behalf of Themselves and All Others Similarly Situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | 1:05-cv-1908-TWP-TAB |
| ANTHEM, INC., *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

**ORDER ON DEFENDANTS' MOTION TO STRIKE OR DEFER BRIEFING**

On May 15, 2011, Defendants moved to strike [Docket No. 422] Plaintiffs' motion for partial summary judgment [Docket No. 416] on the grounds that the motion is "improper, untimely, and inconsistent with the Court's procedures for filing dispositive motions." Alternatively, Defendants request that this Court defer briefing until the Court has ruled on Anthem's pending motion for summary judgment. [Docket No. 422.] In support of Defendants' motion to strike or defer, Defendants contend that Plaintiffs have moved on issues identical to those in Anthem's motion for summary judgment, and Plaintiffs filed their partial motion for summary judgment after expressly telling Anthem that they had no intention of doing so. [Docket No. 423 at 1–2.] For the reasons below, Defendants have not provided a sufficient basis for striking Plaintiffs' motion or deferring briefing.

Federal Rule of Civil Procedure 56(b) provides that "[u]nless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any

1

time until 30 days after the close of all discovery." Absent an untimely motion for summary judgment, motions to strike or defer briefing are disfavored. *Crowder v. Foster Wheeler, LLC*, 265 F.R.D. 368, 370 (S.D. Ind. 2009).

Despite contending that Plaintiffs' motion is improper, untimely, and inconsistent with Court rules, Defendants fail to identify any authority or Court rule that does not permit Plaintiffs to file a motion for partial summary judgment. Moreover, Defendants do not contend that Plaintiffs' motion is inconsistent with the Case Management Plan, and Plaintiffs' response brief extensively sets forth how Plaintiffs' motion falls within the parameters of the CMP. [Docket No. 428 at 1–5.] Even if Plaintiffs represented that they would not file a cross motion for summary judgment, that is not a sufficient basis for striking Plaintiffs' motion. A parties' litigation position is continuously changing, especially as discovery proceeds, which may alter a litigants former position or strategy. In fact, Plaintiffs explain that while they "did not envision filing any cross-motions for summary judgment in December 2010, they never waived their right . . . to seek such relief." [*Id.* at 5.] Accordingly, there is not a sufficient basis to strike Plaintiffs' partial motion for summary judgment.

Additionally, this Court declines to defer briefing. Motions to strike are disfavored because they only serve to delay, and deferring briefing in this case would also serve to delay. *See Crowder*, 265 F.R.D. at 370. If Plaintiffs' motion raises issues identical to those in Anthem's motion for summary judgment, then the parties will have already briefed those issues and reduced efforts will be necessary to respond to Plaintiffs' motion. Should additional briefing be necessary to respond to Plaintiffs' motion, then the issues are not as identical as Defendants would have this Court believe.

Defendants' motion to strike Plaintiffs' motion for partial summary judgment, or in the alternative, to defer briefing pending a decision on Anthem's dispositive motion [Docket No. 422] is denied.

Dated: 08/25/2011

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Matthew Thomas Albaugh
BAKER & DANIELS - Indianapolis
matthew.albaugh@bakerd.com

Dennis Paul Barron
dennispbarron@aol.com

Michael F. Becker
THE BECKER LAW FIRM CO., L.P.A.
mbecker@beckerlawlpa.com

Peter R. Bisio
HOGAN LOVELLS US LLP
peter.bisio@hoganlovells.com

Todd S Collins
BERGER & MONTAGUE, P.C.
tcollins@bm.net

T. David Copley
KELLER ROHRBACK, L.L.P.
dcopley@kellerrohrback.com

Edward O'Donnell DeLaney
DELANEY & DELANEY LLC
ed@delaneylaw.net

Kathleen Ann DeLaney
DELANEY & DELANEY LLC
kathleen@delaneylaw.net

Thomas M. Fisher
INDIANA OFFICE OF THE ATTORNEY GENERAL
tom.fisher@atg.in.gov

Craig A. Hoover
HOGAN LOVELLS US LLP
cahoover@hhlaw.com

Peter R. Kahana
BERGER & MONTAGUE, P.C.
pkahana@bm.net

Kevin M. Kimmerling
BAKER & DANIELS - Indianapolis
kevin.kimmerling@bakerd.com

Cari C. Laufenberg
KELLER ROHRBACK L.L.P.
claufenberg@kellerrohrback.com

Adam K. Levin
HOGAN LOVELLS US LLP
aklevin@hhlaw.com

Neil F Mara
BERGER & MONTAGUE, P.C.
nmara@bm.net

H. Laddie Montague Jr
BERGER & MONTAGUE P.C.
hlmontague@bm.net

Anne Kramer Ricchiuto
BAKER & DANIELS - Indianapolis
anne.ricchiuto@bakerd.com

Lynn L. Sarko
KELLER ROHRBACK, L.L.P.
lsarko@kellerrohrback.com

Christopher G. Scanlon
BAKER & DANIELS - Indianapolis
chris.scanlon@bakerd.com

Paul A. Wolfla
BAKER & DANIELS - Indianapolis
paul.wolfla@bakerd.com

Eric Hyman Zagrans
eric@zagrans.com