UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MARY E. ORMOND, *et al.,* On Behalf of Themselves and All Others Similarly Situated | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 1:05-cv-1908-TWP-TAB |
| ANTHEM, INC. and ANTHEM INSURANCE COMPANIES, INC. | ) ) ) ) | |
| Defendants | ) | |

**ENTRY ON PENDING MOTIONS**

In light of the Seventh Circuit's recent decision denying Defendants' petition for permission to appeal pursuant to 28 U.S.C. § 1292(b), the stage has officially been set for a June 2012 trial. Before the parties can actually proceed to trial, however, the Court must address the motions which remain pending in this matter: (1) Defendants' Motion to Decertify Class (Dkt. 363); (2) Plaintiffs' Motion for Partial Summary Judgment (Dkt. 416); and (3) Defendants' Appeal of the Magistrate Judge's Decision (Dkt. 438).

**I. DISCUSSION**

As the parties know, on July 1, 2011, the Court issued an order granting in part and denying in part Defendants' Motion for Summary Judgment (Dkt. 446). Specifically, the Court ruled that "Plaintiffs' tort claim for breach of duty in connection with the pricing and sizing of the Anthem, Inc. IPO survives for trial," but the Court granted summary judgment on all remaining claims. (*Id.* at 53.) Through this ruling, the Court has effectively resolved most, if not all, of the disputes contained in the three pending motions. Nonetheless, as a matter of thorough housekeeping, the Court will address each motion separately.

A.  **Defendants' Motion to Decertify**

Defendants argue that Plaintiffs' attempt to inject cost-plus and third-party beneficiary claims into this dispute destroys certain Fed. R. Civ. P. 23(a) and 23(b) requirements (i.e. adequacy, typicality, and predominance), thereby warranting decertification of the class. As Defendants note, however, if these theories fail, then the Motion to Decertify is "rendered moot." (Dkt. 364 at 6.) In its entry on summary judgment, the Court rejected Plaintiffs' theories relating to cost-plus contracts (Dkt. 446 at 29-30) and third-party beneficiary claims (*Id.* at 22-23). Accordingly, Defendants' Motion to Decertify is **DENIED AS MOOT**.

B.  **Plaintiffs' Motion for Partial Summary Judgment**

Plaintiffs argue that they are entitled to summary judgment on four theories. First, Plaintiffs argue that Defendants failed to pay the Ormond Class members "fair value" on the conversion date as required by Indiana's demutualization statute; second, Defendants wrongfully allocated and distributed shares of Anthem Inc. Stock to the Grandfathered Groups ("GFGs") in Ohio; third, Defendants wrongfully distributed Anthem Inc. stock to GFGs in Connecticut; and lastly, Defendants improperly allocated shares to artificially created Ohio and Kentucky GFGs.

Importantly, each of these theories has been rejected by the Court in its entry on summary judgment. Specifically, the Court rejected the argument that Defendants failed to pay the class members aggregate consideration equal to the "fair value" of Anthem Insurance on the conversion date. (*Id.* at 35-38.) In a similar fashion, the Court rejected Plaintiffs' argument relating to the alleged misallocation of shares to Grandfathered Groups in Ohio and Connecticut (*Id*. at 25-26).

Finally, Plaintiffs argue that they are entitled to summary judgment because "Defendants wrongly created or maintained the 'grandfathered' status of certain Ohio and Kentucky GFGs, and then improperly allocated shares to them, when...more than 3,700 GFGs in Ohio and Kentucky had only one insured employee during the relevant actuarial and eligibility time periods." (Dkt. 417 at 3.)  In other words, Plaintiffs argue that they are entitled to judgment in their favor because Ohio and Kentucky GFGs that only had a single enrollee improperly received demutualization proceeds.  Plaintiffs assure the Court that this claim is "nothing new" because, for years, Plaintiffs have alleged that Defendants misallocated shares to certain GFGs (*Id.*).

The Court respectfully disagrees.  This claim is conspicuously absent from Plaintiffs' complaint.  On this point, it is well-settled that new issues, like these, cannot be raised for the first time on summary judgment. *See ExxonMobil Oil Corp. v. Amex Constr.* Co., 702 F. Supp. 2d 942, 966 (N.D. Ill. 2010) (plaintiff cannot amend its complaint by adding claims through a summary judgment brief).  Notably, in its entry on summary judgment, the Court observed that "[a]lthough the Fourth Amended Complaint refers to [GFGs] from the Kentucky merger, Plaintiffs have made no effort to argue any impropriety with regard to how those groups were treated by Anthem." (Dkt. 446 at 26 n.9).  Moreover, the Court has already ruled that Defendants are entitled to summary judgment "with respect to any claim asserting a misallocation or over-allocation of shares to the [GFGs]." (Dkt. 446 at 33).  Accordingly, Plaintiffs' Motion for Partial Summary Judgment is **DENIED**.

**C.      Defendants' Appeal of the Magistrate Judge's Ruling**

Defendants have appealed the Magistrate Judge's prior ruling on expert reports to the extent that it establishes that Plaintiffs' "new" theories are, in fact, in the case. This motion, too, has been rendered moot in light of the Court's entry on summary judgment, which rejected Plaintiffs' claims relating to cost-plus contracts, IPO pricing dates, altered business records, and (at least implicitly) single-enrollee group claims. Accordingly, Defendants' motion to appeal the Magistrates Judge's ruling is **DENIED AS MOOT**.

## II.    CONCLUSION

For the reasons set forth above, Defendants' Motion to Decertify Class (Dkt. 363) is **DENIED AS MOOT**, (2) Plaintiffs' Motion for Partial Summary Judgment (Dkt. 416) is **DENIED**, and (3) Defendants' Appeal of the Magistrate Judge's Decision (Dkt. 438) is **DENIED AS MOOT**.

SO ORDERED.

Date:  11/01/2011

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Matthew Thomas Albaugh
BAKER & DANIELS - Indianapolis
matthew.albaugh@bakerd.com, cheryl.lewallen@bakerd.com

Dennis Paul Barron
dennispbarron@aol.com

Michael F. Becker
THE BECKER LAW FIRM CO., L.P.A.
mbecker@beckerlawlpa.com, mfbprivate@hotmail.com

Peter R. Bisio
HOGAN LOVELLS US LLP
peter.bisio@hoganlovells.com, erica.knievel@hoganlovells.com

Todd S Collins
BERGER & MONTAGUE, P.C.
tcollins@bm.net

T. David Copley
KELLER ROHRBACK, L.L.P.
dcopley@kellerrohrback.com, lvandiver@kellerrohrback.com

Edward O'Donnell DeLaney
DELANEY & DELANEY LLC
ed@delaneylaw.net, kathleen@delaneylaw.net, kari@delaneylaw.net, acouture@delaneylaw.net, jillian@delaneylaw.net

Kathleen Ann DeLaney
DELANEY & DELANEY LLC
kathleen@delaneylaw.net, kari@delaneylaw.net, acouture@delaneylaw.net, cstake@delaneylaw.net, jillian@delaneylaw.net

Thomas M. Fisher
INDIANA OFFICE OF THE ATTORNEY GENERAL
tom.fisher@atg.in.gov, julie.stickle@atg.in.gov

Craig A. Hoover
HOGAN LOVELLS US LLP
cahoover@hhlaw.com, rcmandel@hhlaw.com

Peter R. Kahana
BERGER & MONTAGUE, P.C.
pkahana@bm.net

Kevin M. Kimmerling
BAKER & DANIELS - Indianapolis
kevin.kimmerling@bakerd.com

Cari C. Laufenberg
KELLER ROHRBACK L.L.P.
claufenberg@kellerrohrback.com,dwilcher@kellerrohrback.com

Adam K. Levin
HOGAN LOVELLS US LLP
aklevin@hhlaw.com, bgcarpenter@hhlaw.com

Neil F Mara
BERGER & MONTAGUE, P.C.
nmara@bm.net

H. Laddie Montague , Jr
BERGER & MONTAGUE P.C.
hlmontague@bm.net

Anne Kramer Ricchiuto
BAKER & DANIELS - Indianapolis
anne.ricchiuto@bakerd.com, crystal.hansen@bakerd.com

Lynn L. Sarko
KELLER ROHRBACK, L.L.P.
lsarko@kellerrohrback.com, cengle@kellerrohrback.com

Christopher G. Scanlon
BAKER & DANIELS - Indianapolis
chris.scanlon@bakerd.com,crystal.hansen@bakerd.com

Paul A. Wolfla
BAKER & DANIELS - Indianapolis
paul.wolfla@bakerd.com, betsy.smith@bakerd.com

Eric Hyman Zagrans
eric@zagrans.com