UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MARY E. ORMOND, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | CASE NO.1:05-cv-01908-TWP-TAB |
| | ) | |
| ANTHEM, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON DEFENDANTS' REQUEST TO ENFORCE DISCOVERY ORDER**

**I.      Introduction**

The parties once again find themselves in a discovery dispute.  This time the dispute centers around certain language in a prior discovery order.  Given the Court's familiarity with this case and, of course, the language in the prior order, the Court ordered the parties to file briefs not exceeding five pages.  The Court also indicated that it would set the matter for a prompt conference if necessary after briefing.  [Docket No. 485.]  A review of the briefs, however, reveals no conference is necessary.

**II.     Discussion**

At issue is language in the Court's May 24, 2011, order on Defendants' motion to strike. [Docket No. 431.]  In that order, the Court found four expert reports of the Plaintiffs were neither proper supplementation nor proper rebuttal.  However, the Court denied Defendants' motion to strike the reports and stated, "Because Plaintiffs' failure is harmless, the Court declines to strike the reports but instead concludes that Defendants may take supplementary depositions of these experts at Plaintiffs' expense."  [*Id.* at 1.]  Defendants now assert that Plaintiffs are refusing to

allow them to depose these experts.

Plaintiffs do not deny that they are refusing to produce their experts for depositions. However, Plaintiffs offer two main arguments in support of their position.

First, Plaintiffs contend that the Defendants waived their right to take these depositions. Plaintiffs' argument relies on a footnote in the May 24 order that states, "To the extent that these depositions may be significant with respect to Defendants' pending summary judgment motion in *Ormond*, Defendants shall file a notice with the Court within 7 days as to whether Defendants will pursue such depositions, and the parties shall attempt in good faith to complete these depositions within 28 days." [Docket No. 431 at n.3.] Seizing on this footnote, Plaintiffs argue that the Court "expressly conditioned" the depositions on Anthem filing this notice within 7 days and essentially contemplated any such depositions would be completed within 28 days. [Docket No. 497 at 2–3.] Since Defendants filed no such notice and did not further pursue these depositions at that time, Plaintiffs claim Defendants have waived any ability to take these depositions now.

Second, Plaintiffs argue that the Court set a limit of three expert depositions per side, to which both sides have adhered. Allowing Defendants to exceed this limit would be "completely unfair" according to Plaintiffs, and if Defendants are allowed additional depositions Plaintiffs contend they should be allowed to do so as well, with each side bearing its own deposition costs. [*Id*. at 5.] Neither of these arguments is persuasive.

As Defendants point out, the Court issued its May 24 order while motions for summary judgment were pending. Defendants' summary judgment motion relied on legal arguments that Defendants contended made Plaintiffs' expert testimony irrelevant. Thus, Defendants did not

2

believe that the depositions were necessary for the pending summary judgment motion. [Docket No. 486 at 2; Docket No. 488 at 2.] As Defendants put it, "Anthem had no reason to challenge [the May 24 order] because it was consistent with Anthem's request that the Court control discovery costs 'pending a decision on summary judgment.'" [Docket No. 488 at 2.] However, the Court later found factual issues existed regarding the pricing and sizing of the IPO, putting Plaintiffs' expert testimony on these issues squarely in play. As a result, it is entirely reasonable that Defendants now seek to push forward with these depositions.

The language in the May 24 order upon which the Plaintiffs base their argument was not intended to operate as a waiver. That language begins with the statement, "To the extent that these depositions may be significant with respect to Defendants' pending summary judgment motion in *Ormond* . . . ." [Docket No. 431 at 8.] Thus, this language expressly indicates that the 7- and 28-day deadlines referenced in that order were intended to apply only if Defendants sought these depositions in connection with the pending summary judgment motion. The Court put these deadlines in place so that the Court would know whether additional evidence was to be expected in connection with the pending summary judgment motion, and if so to encourage the parties to act promptly with respect to taking this deposition testimony. It was not intended to operate as a strict deadline that would support a post-summary judgment "gotcha" waiver argument.

Plaintiffs' second argument—seeking to enforce a three expert deposition limit per side—fares no better. Once again, Defendants correctly observe that the order creating this limit explicitly stated that it was imposed to control costs while summary judgment was pending. [Docket No. 488 at 3; Docket No. 276 ¶ 1.] In addition, Defendants are correct that the Court

issued this order 39 days after the deadline for completing expert discovery had passed, so that Plaintiffs cannot argue that expert depositions cannot be taken after that deadline.

Last but far from least, it must be remembered that the genesis of this particular discovery dispute is that Plaintiffs improperly supplemented their expert reports. As a result, the Court ruled that Defendants could take the additional depositions and do so at the Plaintiffs' expense.

Plaintiffs' cries of "foul" seemingly overlook this vital fact. Or as Defendants observe in their parting shot, "To find that Anthem is barred from deposing Plaintiffs' testifying experts under these circumstances would severely prejudice Anthem and reward Plaintiffs for their misconduct." [Docket No. 488 at 3.]

### III. Conclusion

The Defendants' request to enforce the prior discovery order is granted. The Court agrees with Defendants' contention that Plaintiffs' position "turns the Court's Sanctions Order on its head and should be rejected." [Docket No. 486 at 2.] Accordingly, as previously ordered, Defendants may depose the expert witnesses discussed in the Court's May 24, 2011, order, and Plaintiffs shall pay the costs associated with those depositions.

Dated:  01/31/2012

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Matthew Thomas Albaugh
FAEGRE BAKER DANIELS LLP - Indianapolis
matthew.albaugh@faegrebd.com

Dennis Paul Barron
dennispbarron@aol.com

Michael F. Becker
THE BECKER LAW FIRM CO., L.P.A.
mbecker@beckerlawlpa.com

Peter R. Bisio
HOGAN LOVELLS US LLP
peter.bisio@hoganlovells.com

Todd S Collins
BERGER & MONTAGUE, P.C.
tcollins@bm.net

T. David Copley
KELLER ROHRBACK, L.L.P.
dcopley@kellerrohrback.com

Edward O'Donnell DeLaney
DELANEY & DELANEY LLC
ed@delaneylaw.net

Kathleen Ann DeLaney
DELANEY & DELANEY LLC
kathleen@delaneylaw.net

Thomas M. Fisher
INDIANA OFFICE OF THE ATTORNEY GENERAL
tom.fisher@atg.in.gov

Craig A. Hoover
HOGAN LOVELLS US LLP
cahoover@hhlaw.com

Peter R. Kahana
BERGER & MONTAGUE, P.C.
pkahana@bm.net

Kevin M. Kimmerling
FAEGRE BAKER DANIELS LLP - Indianapolis
kevin.kimmerling@FaegreBD.com

Cari C. Laufenberg
KELLER ROHRBACK L.L.P.
claufenberg@kellerrohrback.com

Adam K. Levin
HOGAN LOVELLS US LLP
adam.levin@hoganlovells.com

Neil F Mara
BERGER & MONTAGUE, P.C.
nmara@bm.net

H. Laddie Montague Jr
BERGER & MONTAGUE P.C.
hlmontague@bm.net

Anne Kramer Ricchiuto
FAEGRE BAKER DANIELS LLP - Indianapolis
anne.ricchiuto@FaegreBD.com

Lynn L. Sarko
KELLER ROHRBACK, L.L.P.
lsarko@kellerrohrback.com

Christopher G. Scanlon
FAEGRE BAKER DANIELS LLP - Indianapolis
chris.scanlon@FaegreBD.com

Paul A. Wolfla
FAEGRE BAKER DANIELS LLP - Indianapolis
paul.wolfla@faegrebd.com

Eric Hyman Zagrans
eric@zagrans.com