UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARY ORMOND, et al., On Behalf of Themselves and All Others Similarly Situated,, <br>    Plaintiffs, <br><br> vs. <br><br> ANTHEM., INC., et al., , <br>    Defendants. | 1:05-cv-1908-TWP-TAB |

### ORDER DECERTIFYING ERISA SUBCLASS AND GRANTING WITHDRAWAL OF DANIEL J. CESCATO AS A CLASS REPRESENTATIVE

On September 29, 2009, Judge David Hamilton certified an "ERISA Subclass" (in addition to a principal class) in this matter. His order read, in relevant part, as follows:

> For the reasons explained above, the court grants in part plaintiffs' motion for class certification and certifies as a plaintiff class:
>
> All former members of Anthem Insurance residing in Ohio, Indiana, Kentucky and Connecticut who received cash compensation in connection with the demutualization of Anthem Insurance on November 2, 2001, and the communities comprised of them and their spouses, if any, excluding:
>
> > (i) all employers located in Ohio and Connecticut that maintained Anthem group health insurance policies on their respective employees and retirees and that received demutualization compensation (the "Grandfathered Groups");
> > (ii) Defendants, their predecessors and successors in interest;
> > (iii) the officers and directors of Defendants, their predecessors and successors;
> > (iv) counsel of record in this action and their respective parents, spouses and children; and
> > (v) judicial officers who enter an order in this action, and their respective parents, spouses and children.

> The class claims shall be those pled for the Depressed Price Class: breach of fiduciary duty, negligence, and breach of contract.  <u>The plaintiff class shall be represented by named plaintiffs Mary E. Ormond, Daniel J. Cescato, and Kevin T. Heekin. The court also certifies a subclass consisting of those plaintiff class members who received proceeds from the demutualization because they were participants in employee benefit plans covered by the federal Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et seq. The subclass shall be represented by plaintiff Daniel J. Cescato</u>.

(Dkt. 195 at 32-33) (emphasis added). On July 1, 2011, this Court rejected Defendants' ERISA preemption defense, finding that it had "no merit." (Dkt. 446 at 48). Based on that ruling, Plaintiffs have now moved the Court to decertify the "ERISA Subclass." (Dkt. 495). Specifically, because the ERISA preemption defense will not be an issue at trial, the Court should decertify the ERISA Subclass and allow Daniel Cescato (who no longer wishes to be a class representative) to withdraw from the case as a named Plaintiff.

Defendants counter that this request is inappropriate for three reasons. First, it is untimely. Second, it ignores the possibility that the ERISA defense could be reinstated on appeal. And, third, the request to allow Mr. Cescato to withdraw is baseless and would prejudice Defendants, especially since they deposed him and plan to call him to testify at trial. The Court finds that Plaintiffs have the better argument. Accordingly, the Court will decertify the ERISA Subclass and will allow Mr. Cescato to withdraw as a named Plaintiff and class representative.

*Discussion*

A class, once certified, is not necessarily etched in stone. The Federal Rules of Civil Procedure allow a court to alter or amend a class certification at any time necessary prior to entering final judgment. Fed. R. Civ. P. 23(c)(1)(C). It is not unusual for the definition of a class to be modified; in fact, a district court has an obligation to reassess its class certification as a

case develops and to redefine a class, create subclasses, or decertify a class when necessary. *Boucher v. Syracuse University,* 164 F.3d 113, 118 (2d Cir. 1999).

With that in mind, the Court addresses each of Defendants' three arguments. First, the timing of this request is not of particular concern. Perhaps Plaintiffs could have moved a bit quicker in seeking decertification following the Court's summary judgment order on July 1, 2011. But, to be candid, the Court viewed its ruling rejecting the ERISA preemption defense as a foreshadow that the ERISA Subclass would ultimately be amended or decertified. Second, the Court is not persuaded by Defendants' contention that they would be prejudiced if the ERISA subclass was decertified, and they later prevailed on appeal and their ERISA defense was found to be applicable. If there is an appeal, and if defendants are successful, and if the case is remanded, this Court can amend the class definition to conform to the Seventh Circuit's dictates.

The final issue is whether the Court should allow Mr. Cescato to withdraw as a named Plaintiff and class representative. Defendants claim that they intend to call Mr. Cescato as a witness at trial because his deposition testimony was inconsistent with arguments made by Plaintiffs. Specifically, on the subject of whether mutual members would prefer receiving cash from the demutualization, Mr. Cescato's testimony directly contradicted one of Plaintiff's retained experts witness. Plaintiffs counter by arguing that Cescato no longer wishes to be a class representative; there are still two other class representatives; and the need for him to serve as a representative has diminished, if not vanished, given the elimination of the ERISA Subclass.

In support of Cescato's wish to withdraw, Plaintiffs highlight a statement made in *Organization of Minority Vendors, Inc. v. Illinois Central-Gulf R.R.*, 1987 WL 8997 (N.D. Ill. April 2, 1987). In that lawsuit, a class representative sought to voluntarily withdraw and allow

other class representatives who remained to pursue the case. *Id.* at *1. In a one page order, Magistrate Judge Lefkow (now a district court judge) wrote that "[a]bsent a good reason . . . a plaintiff should not be compelled to litigate if it doesn't wish to." *Id.*

Defendants rely heavily on *In re Harcourt Brace Jovanovich, Inc. Securities Litigation*, 838 F.Supp. 109 (S.D.N.Y. 1993), where the court ruled that three class representatives could not voluntarily withdraw from their named plaintiff status absent a showing of no prejudice. Specifically, in *Harcourt*, a magistrate judge found that the investment histories of the named plaintiffs were discoverable. *Id.* at 111. In response to that ruling, the plaintiffs both pursued an appeal to the district court judge and sought the approval of an amendment to the class order withdrawing three of the class representatives. *Id.* at 111-112. The district court judge upheld the determination that the plaintiffs' investment histories were discoverable and denied the withdrawal of the three named plaintiffs, noting that the plaintiffs had not shown a lack of prejudice. *Id.* at 115. Specifically, the defendants had objected to the withdrawal because their defense to the class claim had to be prepared by defending the claims of the individual class representatives. *Id.* The court did allow for the issue to be revisited at a later date following discovery, leading to the conclusion that the decision not to allow the withdrawal was, in part, to allow the discovery of the investment histories of the three named-plaintiffs at issue. *Id.*

*Harcourt* is distinguishable for two reasons. First, discovery has been completed in this case. Defendants claim that the discovery gained from Cescato and his testimony at trial are an integral part of their defense. If he is unable to testify at trial, then all of that effort will be for naught. Moreover, Mr. Cescato's absence will require them to rely on his deposition testimony instead of live testimony. Plaintiffs counter by arguing that (1) discovery was not wasted

because it was conducted prior to the rejection of Defendants' ERISA defense, which was the primary reason for Cescato's addition as a class representative; and (2) the relevance – and, in turn, the admissibility – of Mr. Cescato's testimony is questionable. The second distinguishing feature between this case and *Harcourt* is that trial is fast-approaching in this case. Thus, the Court does not have the benefit of time to revisit the request by Plaintiff to amend the class certification order to eliminate Mr. Cescato as a class representative. Like so many discretionary decisions a district court is faced with, this one boils down to whether a party is truly prejudiced by the requested action.

In this instance, the Court finds no certain prejudice to allowing Mr. Cescato to withdraw as a named Plaintiff and class representative. There is no certainty that his testimony will be relevant. But, assuming it is (and if he is outside the subpoena power of the Court), his testimony can come in through his deposition. In the opinion of this Court, Judge Lefkow's statement rings true: no plaintiff should be forced to remain a plaintiff involuntarily unless a compelling reason exists. Here, one does not.

### *Conclusion*

For the reasons explained in this entry, Plaintiffs' Motion To Decertify ERISA Subclass and Withdraw Daniel J Cescato as Named Plaintiff (Dkt. 495) is **GRANTED**.

**IT IS SO ORDERED this day:** 05/04/2012 _____

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution to:

Matthew Thomas Albaugh
FAEGRE BAKER DANIELS LLP - Indianapolis
matthew.albaugh@faegrebd.com

Dennis Paul Barron
dennispbarron@aol.com

Michael F. Becker
THE BECKER LAW FIRM CO., L.P.A.
mbecker@beckerlawlpa.com

Peter R. Bisio
HOGAN LOVELLS US LLP
peter.bisio@hoganlovells.com

Todd S Collins
BERGER & MONTAGUE, P.C.
tcollins@bm.net

T. David Copley
KELLER ROHRBACK, L.L.P.
dcopley@kellerrohrback.com

Edward O'Donnell DeLaney
DELANEY & DELANEY LLC
ed@delaneylaw.net

Kathleen Ann DeLaney
DELANEY & DELANEY LLC
kathleen@delaneylaw.net

Thomas M. Fisher
INDIANA OFFICE OF THE ATTORNEY GENERAL
tom.fisher@atg.in.gov

Craig A. Hoover
HOGAN LOVELLS US LLP
cahoover@hhlaw.com

Peter R. Kahana
BERGER & MONTAGUE, P.C.
pkahana@bm.net

Kevin M. Kimmerling
FAEGRE BAKER DANIELS LLP - Indianapolis
kevin.kimmerling@FaegreBD.com

Cari C. Laufenberg
KELLER ROHRBACK L.L.P.
claufenberg@kellerrohrback.com

Adam K. Levin
HOGAN LOVELLS US LLP
adam.levin@hoganlovells.com

Neil F Mara
BERGER & MONTAGUE, P.C.
nmara@bm.net

H. Laddie Montague Jr
BERGER & MONTAGUE P.C.
hlmontague@bm.net

Anne Kramer Ricchiuto
FAEGRE BAKER DANIELS LLP - Indianapolis
anne.ricchiuto@FaegreBD.com

Lynn L. Sarko
KELLER ROHRBACK, L.L.P.
lsarko@kellerrohrback.com

Christopher G. Scanlon
FAEGRE BAKER DANIELS LLP - Indianapolis
chris.scanlon@FaegreBD.com

-7-

Paul A. Wolfla
FAEGRE BAKER DANIELS LLP - Indianapolis
paul.wolfla@faegrebd.com

Eric Hyman Zagrans
eric@zagrans.com