UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KEVIN T. HEEKIN,<br>MARY E. ORMOND,<br>ESTATE OF MARY A. MOORE,<br><br>           Plaintiffs,<br><br>           vs.<br><br>ANTHEM, INC.,<br>ANTHEM INSURANCE COMPANIES, INC.,<br><br>           Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   Case No. 1:05-cv-01908-TWP-TAB<br>)<br>)<br>)<br>)<br>) |

## ORDER ON MOTION TO STAY

This matter is before the Court on interested party Franklin DeJulius's Motion to Stay Order on Request for Appeal Bond (Dkt. 816). Having considered arguments from both sides, the Court **DENIES** Mr. DeJulius's Motion.

Mr. DeJulius seeks a stay of the Court's February 28, 2013 order that he is jointly and severally responsible for posting an appeal bond in this case. First, he argues his appeal of the attorney's fee award will not delay distribution of the class settlement fund, and that the Court did not take this into account when ordering that he be responsible, jointly and severally, for the imposed $250,000.00 bond. Second, Mr. DeJulius argues that Class Counsel sought the bond, not to secure any likely future award of costs, but rather to end the appeal. Third, Mr. DeJulius argues that he cannot afford to pay a $250,000.00 bond in full and therefore will be forced to drop his appeal if the bond is enforced.

The Court rejects each of Mr. DeJulius's arguments. To begin, Mr. DeJulius has not addressed the factors the Court must employ when determining whether a stay is appropriate.

1

When considering whether to grant a stay, the Court looks to the following factors:  1) whether the appellant has shown a likelihood of success on appeal; 2) whether the appellant has demonstrated a likelihood of irreparable harm if a stay is not granted; 3) whether a stay would substantially harm other parties to the litigation; and 4) the public interest.  *Hinrichs v. Bosma*, 410 F. Supp. 2d 745, 749 (S.D. Ind. 2006) (citing *Glick v. Koenig*, 766 F.2d 265, 269 (7th Cir. 1985)).

First, instead of addressing the appropriate factors, Mr. DeJulius raises new arguments not presented in his original opposition to the bond.  Despite Mr. DeJulius's failure to argue in opposition to the bond that his appeal would not cause a delay in distribution, the Court did consider the effect of his appeal on settlement distributions.  As Class Counsel points out, it argued when moving for the bond that the appeal of attorneys' fees would delay final settlement distributions because "the issue of attorneys' fees is inextricably intertwined with the amount of net settlement funds for Class distribution."  Dkt. 798 at 23.  Thus, in finding an appeal bond necessary, the Court did consider the delay attributable to Mr. DeJulius's appeal.

Second, in his Motion for Stay, Mr. DeJulius spends a great deal of time discussing Class Counsel's reasons for seeking a bond, and about the Seventh Circuit's authority over the appeal bond. However these issues have no bearing on the factors for determining a stay.

Finally, Mr. DeJulius raises for the first time that he cannot afford to pay a $250,000.00 bond.  Federal Rule of Appellate Procedure 7 specifically provides "In a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal. Rule 8(b) applies to a surety on a bond given under this rule." Class Counsel correctly argues that Mr. DeJulius need not be able to pay the entire $250,000.00, but only the amount of a surety bond to secure the total amount.  That said,

the Court clarifies its Order granting an appeal bond and informs the objectors, Mr. DeJulius and Mr. Paul, that they may post a surety bond rather than a cash bond. Furthermore, the Court reminds Mr. DeJulius that the bond is entered jointly and severally, meaning that if one party does not have the assets to pay an equal share, the other party must make up the difference.

Mr. DeJulius has not shown a likelihood of success on the merits and has not demonstrated a likelihood of irreparable harm if a stay is not granted. Nor has he shown that a stay is in the public interest. Accordingly, Mr. DeJulius's motion for a stay (Dkt. 816) is **DENIED**. Mr. DeJulius and Mr. Paul remain ORDERED to post either a surety bond or cash bond securing the amount of $250,000.00, jointly and severally. The bond must be posted within seven days of the date of this Order or by March 21, 2012.

SO ORDERED.

Date: 03/14/2013

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

EDWIN PAUL
603 N. Highway 101, Suite A
Solana Beach, CA 92075

Eric Hyman Zagrans
eric@zagrans.com

John J. Pentz
ATTORNEY AT LAW
clasaxn@earthlink.net

H. Laddie Montague, Jr
BERGER & MONTAGUE P.C.
hlmontague@bm.net

Neil F Mara
BERGER & MONTAGUE, P.C.
nmara@bm.net

Peter R. Kahana
BERGER & MONTAGUE, P.C.
pkahana@bm.net

Todd S Collins
BERGER & MONTAGUE, P.C.
tcollins@bm.net

Edward O'Donnell DeLaney
DELANEY & DELANEY LLC
ed@delaneylaw.net

Kathleen Ann DeLaney
DELANEY & DELANEY LLC
kathleen@delaneylaw.net

Dennis Paul Barron
DENNIS PAUL BARRON LLC
dennispbarron@aol.com

Anne Kramer Ricchiuto
FAEGRE BAKER DANIELS LLP - Indianapolis
anne.ricchiuto@FaegreBD.com

Christopher G. Scanlon
FAEGRE BAKER DANIELS LLP - Indianapolis
chris.scanlon@FaegreBD.com

Kevin M. Kimmerling
FAEGRE BAKER DANIELS LLP - Indianapolis
kevin.kimmerling@FaegreBD.com

Matthew Thomas Albaugh
FAEGRE BAKER DANIELS LLP - Indianapolis
matthew.albaugh@faegrebd.com

Paul A. Wolfla
FAEGRE BAKER DANIELS LLP - Indianapolis
paul.wolfla@faegrebd.com

Adam K. Levin
HOGAN LOVELLS US LLP
adam.levin@hoganlovells.com

Craig A. Hoover
HOGAN LOVELLS US LLP
craig.hoover@hoganlovells.com

Peter R. Bisio
HOGAN LOVELLS US LLP
peter.bisio@hoganlovells.com

Thomas M. Fisher
INDIANA OFFICE OF THE ATTORNEY GENERAL
tom.fisher@atg.in.gov

Cari C. Laufenberg
KELLER ROHRBACK L.L.P.
claufenberg@kellerrohrback.com

Lynn L. Sarko
KELLER ROHRBACK, L.L.P.
lsarko@kellerrohrback.com

T. David Copley
KELLER ROHRBACK, L.L.P.
dcopley@kellerrohrback.com

Michael F. Becker
THE BECKER LAW FIRM CO., L.P.A.
mbecker@beckerlawpa.com